UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| BEVERLY EDWARDS, LIKASHMI DEOSARAN, RASHIDA WRIGHT, KERON SEALEY, JAMES STEWART, SHAUNEY DUNKLEY and MICHAEL SAMUELS, on behalf of themselves and all others similarly situated, | : : : : : : : : | 09 Civ. 4968 (LAK) (HBP) **ECF CASE** **DEFENDANT'S PROPOSED JURY CHARGES** |
| Plaintiffs, | : : | |
| -against- | : : | |
| PUBLISHERS CIRCULATION FULFILLMENT, INC., also known as PCF, Inc., | : | |
| Defendant. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant Publishers Circulation Fulfillment, Inc. ("PCF" or the "Company"), by and through its undersigned counsel, respectfully request that the Court instruct the jury on the law as set forth in the attached instructions.

PCF reserves its right to modify, amend or supplement its proposed jury charges in accordance with the rules of the Court.

Dated:  New York, New York
February 16, 2010

Respectfully submitted,

PROSKAUER ROSE LLP

By:  /s/ Joshua F. Alloy

Gregory I. Rasin
Joshua F. Alloy
1585 Broadway
New York, NY 10036-8299
Tel: (212) 969-3000

Fax: (212) 969-2900
grasin@proskauer.com
jalloy@proskauer.com

Mark W. Batten (admitted pro hac vice)
One International Place
Boston, MA 02110
Tel: (617) 526-9850
Fax: (617) 526-9899
mbatten@proskauer.com

**<u>DEFENDANT'S REQUEST TO CHARGE NO. 1</u>**

**JURY ATTENTIVENESS[1]**

Members of the jury, we have now come to that portion of the trial where you are to be instructed by the Court before you retire for your final deliberations.  You must pay close attention and I will be as clear as possible.  It has been obvious to me and the lawyers that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  I ask that you give me that same careful attention as I instruct you on the law.

---

[1] 3 O'MALLEY , GRENIG AND LEE., FEDERAL JURY PRACTICE AND INSTRUCTIONS  § 103.01 (5th ed. 2000).

**DEFENDANT'S REQUEST TO CHARGE NO. 2**

**ROLE OF THE COURT**[2]

My duty at this point is to instruct you on the law. You are required to follow these instructions of law and apply them to the facts as you determine them. On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction alone as stating the law, but you must consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom or correctness of any rule that I state. Regardless of any opinion that you may have as to what the law might be—or what it ought to be—you would violate your sworn duty as jurors if you base a verdict upon any other view of the law than what I give you.

---

[2] 3 O'MALLEY, GRENIG AND LEE., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 103.01 (5th ed. 2000).

## DEFENDANT'S REQUEST TO CHARGE NO. 3

## SYMPATHY[3]

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.

No party to this lawsuit is entitled to any sympathy nor is any party to this lawsuit entitled to any favor or special consideration.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to any lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

You are aware, of course, that PCF is not a human being, but a legal entity.  The mere fact that PCF is a corporation does not mean it is entitled to any lesser consideration by you.  All parties are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give to any other party.  You are to approach your duties coolly and calmly, without emotion and without being influenced by sympathy or prejudice for or against any party.

---

[3] 3 O'MALLEY, GRENIG AND LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 103.11-12 (5th ed. 2000); 4 HON. LEONARD B. SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS-CIVIL ¶ 71.01, Instruction 71-10.

## DEFENDANT'S REQUEST TO CHARGE NO. 4

## NATURE OF THE EVIDENCE[4]

What then, does the evidence that you are about to consider consist of?  It is the testimony of witnesses who appeared before you, together with documents and other objects that may have been received into evidence.  Evidence is also admissions and stipulations of fact.  Statements and arguments of counsel are not evidence.

The law recognizes two types of evidence, direct and circumstantial evidence.  Direct evidence is where a person testifies as to what they themselves saw or heard or that which they have knowledge of by virtue of their own senses.  Circumstantial evidence consists of proof of facts and circumstances from which, in terms of common experience, one may reasonably infer the ultimate fact sought to be established.  Such evidence, if believed, is of no less value than direct evidence.  A claim must be established by the party bearing the burden of proof for that particular claim, and either circumstantial or direct evidence may be used.

Let me give you an example of circumstantial evidence.  Suppose that in this courtroom there were no windows to the outside so you could not see what the weather was like, and when you came in this morning it was a fine, sunny day.  We go ahead with the trial for two or three hours and then the door of the courtroom opens and in comes a person wearing a dripping raincoat and carrying a dripping umbrella.  You cannot see or hear what the weather is like outside, but from your observation of this person with the dripping raincoat and umbrella, you may draw an inference as to what has happened to the weather outside.  This is an example of circumstantial evidence.  It consists of circumstances which by common experience one may reasonably infer an ultimate fact sought to be established.

---

[4]  4 Hon. Leonard B. Sand *et al.*, Modern Federal Jury Instructions-Civil ¶ 71.01(1), Instruction 71-3; 3 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 101.40 (5th ed. 2000).

I have spoken to you of inferences to be drawn from the evidence.  This is what the law means when it speaks of inferring one fact from another.  An inference is the deduction or conclusion that reason and common sense prompt a reasonable mind to draw from facts that have been proven by the evidence.  Not all logically possible conclusions are legitimate or fair inferences.  Only those inferences to which the mind is reasonably led or directed are fair inferences from direct or circumstantial evidence in the case.  Whether or not to draw a particular inference is of course a matter exclusively for you, as are all determinations of fact.

## DEFENDANT'S REQUEST TO CHARGE NO. 5

## CREDIBILITY OF WITNESSES[5]

Now I come to one of the more important issues for all juries in any trial, the issue of credibility.

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of their testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. (If applicable:  It must also be obvious to you that both sides cannot be correct and this is where you play your role as jurors.)  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his demeanor-that is, his carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness

---

[5] 4 HON. LEONARD B. SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS-CIVIL ¶ 76.01, Instruction 76-1.

may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Please remember, however, that you may not use your experience and common sense to fill in or create evidence that does not exist.  You use them only to draw reasonable inferences from proven fact or to weigh and evaluate the evidence provided during the trial.

## DEFENDANT'S REQUEST TO CHARGE NO. 6

### INTEREST IN OUTCOME[6]

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances their own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected their testimony.

---

[6]  4 HON. LEONARD B. SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS-CIVIL ¶ 76.01, Instructions 76-2, 76-3.

## DEFENDANT'S REQUEST TO CHARGE NO. 7

## OBJECTIONS, ARGUMENTS, AND MOTIONS[7]

At times during the trial, objections were made to questions or to the introduction of evidence, or motions concerning applicable law may have been made.  Arguments in connection with such objections or motions were sometimes made out of the presence of the jury.  All rulings upon such objections or motions were based solely upon the law as I interpreted and applied it.  In connection with these rulings, I may have instructed you to disregard any information which you may have heard regarding the issue in question.  In reaching a decision in this matter. you must not consider any testimony, or other evidence which I instructed you to disregard, nor can you make any inferences based on any evidence I have told you to disregard.

---

[7] *See* 3 O'MALLEY , GRENIG AND LEE., FEDERAL JURY PRACTICE AND INSTRUCTIONS  § 102.71 (5th ed. 2000).

## **DEFENDANT'S REQUEST TO CHARGE NO. 8'**

## **INTERROGATORIES[8]**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

---

[8]  4 HON. LEONARD B. SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS-CIVIL ¶ 74.07, Instructions 74-13.

## <u>DEFENDANT'S REQUEST TO CHARGE NO. 9</u>'

### DEPOSITIONS[9]

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

---

[9] 4 Hon. Leonard B. Sand *et al.*, Modern Federal Jury Instructions-Civil ¶ 74.07, Instructions 74-14.

**DEFENDANT'S REQUEST TO CHARGE NO. 10'**

**REQUESTS FOR ADMISSION[10]**

You have heard evidence in the form of certain "requests for admission" submitted by the Plaintiffs or PCF.  Requests for admission are written statements of fact submitted by one party prior to trial to the opposing party.  The opposing party has a certain amount of time in which to respond to the requests, knowing that his failure to respond within that time will be deemed equivalent to his *admitting* the truth of the statements contained in the requests.

If Plaintiffs have failed to respond to any requests that I have presented to you, you must assume the facts contained in that request to be true.  Therefore, in determining whether or not PCF is liable, you are not permitted to disregard or disbelieve the contents of these requests, even in light of any other evidence presented.  The requests admitted in evidence are binding and conclusive on both the Plaintiffs and PCF for the purposes of this trial.

---

[10] 4 HON. LEONARD B. SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS-CIVIL ¶ 74.08, Instructions 74-15.

## DEFENDANT'S REQUEST TO CHARGE NO. 11

### EXISTENCE OF LITIGATION

I should also remind you that simply because a defendant is sued does not mean that the defendant is liable.  Anyone can file a lawsuit. The fact that the Plaintiffs have filed this lawsuit against PCF does not, by itself, mean that PCF has done anything that the law prohibits.  That is for you to decide on the basis of the evidence.

## DEFENDANT'S REQUEST TO CHARGE NO. 12

### SEPARATENESS OF PLAINTIFFS' CLAIMS

In this case, each individual Plaintiff has asserted three separate wage payment claims. When you consider the charges I am about to give you, remember that you must evaluate each Plaintiffs' three claims separately. You may find that a Plaintiff has proven none of his/her claims, all of his/her claims, or one or more of his/her claims. A Plaintiff might prove certain claims, but fail to prove others. A Plaintiff has failed to prove a claim if he or she has failed to prove any element or part thereof. You are not required to make the same conclusions for each claim or for each Plaintiff. To the contrary, you must assess each claim on its own and determine whether each Plaintiff has proven what the law requires to prevail on each claim. Simply put, you should not rule in favor of or against one claim simply because you ruled in favor of or against the other claim with respect to each Plaintiff. Each of the claims should stand or fall on its own.

## DEFENDANT'S REQUEST TO CHARGE NO. 13

### MULTIPLE PLAINTIFFS[11]

Although there are multiple Plaintiffs in this action, it does not follow from that fact alone that if one Plaintiff is entitled to recover on one or more of his or her claims, all other Plaintiffs are entitled to recover on one or more of their claims.  PCF is entitled to a fair consideration as to each Plaintiff, just as each Plaintiff is entitled to a fair consideration of that Plaintiff's claim against PCF.  When you consider the charges, remember that you must evaluate each Plaintiff's claims separately from the claims of the other Plaintiffs.  Unless otherwise stated, all instructions I give you govern the case as to each Plaintiff.

---

[11] 3 O'MALLEY , GRENIG AND LEE., FEDERAL JURY PRACTICE AND INSTRUCTIONS  § 103.13 (5th ed. 2000).

**DEFENDANT'S REQUEST TO CHARGE NO. 14**

**BURDEN OF PROOF- PREPONDERANCE OF THE EVIDENCE**[12]

This is a civil case and, as such, each Plaintiff has the burden of proving the material allegations of his or her complaint by a preponderance of the evidence.  If after considering all of the testimony you are satisfied that each Plaintiff has carried his or her burden on each essential point as to which he or she has the burden of proof, then you must find for that Plaintiff on those claims.  If after such consideration you find the testimony of each party to be in balance or equally probable, then a Plaintiff has failed to sustain his or her burden and you must find for Defendant.

To establish by a "preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence, when considered and compared with that presented by another witness, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true.

If you find that the credible evidence on an issue is evenly divided between the parties – that it is equally probable that both parties are right – you must decide the issue against the Plaintiff, who bears the burden of proof.  That is because where a party has the burden of proof, it must prove more than simple equality of evidence – it must prove the element at issue by a preponderance of the evidence.  Thus, if you find that the evidence is equal on an issue on which a Plaintiff has the burden of proof, then you must find for Defendant on that issue, because equality of evidence is not sufficient.  On the other hand, a Plaintiff need not prove more than a

---

[12] Derived from 3 O'MALLEY , GRENIG AND LEE., FEDERAL JURY PRACTICE AND INSTRUCTIONS  § 104.01 (5th ed. 2000); 4 HON. LEONARD B. SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS-CIVIL ¶ 73.01, Instructions 73-1, 73-2.

preponderance.  If you find that what a Plaintiff is claiming has more convincing force and is more likely true than not true – then that element will have been proved by a preponderance of evidence.  If you are unable to understand a Plaintiff's evidence, then you must find that the Plaintiff failed to meet his or her burden of proof.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## DEFENDANT'S REQUEST TO CHARGE NO. 15

### "EMPLOYEE" VS. "INDEPENDENT CONTRACTOR"

The Plaintiffs' Complaint alleges three causes of action under the New York State Labor Law, which governs an employer's payment of wages and benefits to an employee. Independent contractors are not considered "employees," and thus are not covered by the New York State Labor Law.[13] Each of the Plaintiffs asserts that he or she was (or is) PCF's employee. On the other hand, PCF asserts that each Plaintiff was (or is) not an employee, but rather was (or is) an independent contractor. You must determine whether each Plaintiff has shown that he or she was (or is) an employee by a preponderance of the evidence.

An independent contractor is a person who is hired to provide a particular service or produce a particular result but is free to exercise his or her own skill and judgment as to the way the service is rendered and/or the result achieved. An employee, by contrast, works under the supervision and orders of the employer as to the way he or she performs the work. Thus, the inquiry that you will be asked to make in order to determine whether each Plaintiff worked as an independent contractor or as an employee, is the degree of control exercised by PCF over the results produced or the means by which each Plaintiff accomplished those results.

The less control PCF exercised over the manner and means by which Plaintiffs accomplished their contractual obligations, the more likely it is that Plaintiffs worked as independent contractors, and, the greater the control exercised by PCF, the more likely Plaintiffs are employees. To make this determination, you should consider a series of factors, none of

---

[13]  N.Y. Lab. L. § 190(2); *Rice v. Scudder Kemper Investments, Inc.*, No. 01 Civ. 7078, 2003 WL 21961010, *3 (S.D.N.Y. 2003) (stating that "Article 6 is limited to employer-employee relationships, thus excluding independent contractors[.]"); *Di Lorenzo v. Sbarra*, 124 A.D.2d 446, 449, 507 N.Y.S.2d 548 (1986) (finding that award of costs inappropriate because the "record is devoid of any evidence of defendant's control over plaintiff's activities which would negate plaintiff's status as an independent contractor.")

which automatically requires a finding one way or the other.  These factors include, but are not limited to, whether the individual:

> (1) worked at his or her own convenience (*i.e.*, without direct supervision);

> (2) was free to engage in other employment;

> (3) received (or did not receive) fringe benefits from PCF;

> (4) was on (or not on) PCF's payroll as an employee;  *and*

> (5) was on a fixed schedule.[14]

You can also use the following factors to guide your deliberations:[15]

- Was each Plaintiff free to work for others or for him/herself?

- Was each Plaintiff responsible for his/her own work-related expenses, or was he/she reimbursed by PCF?

- On what basis was a Plaintiff paid for his/her work?  that is, was he/she paid regularly an hourly rate or on a commission (or other) basis?

- Who, if anybody, made unemployment insurance payments and carried Workers' Compensation insurance for Plaintiffs?

- Who provided the instruments and materials and any additional workers required for Plaintiffs' to work?

- Did PCF provide office space to any Plaintiff and did PCF require that a Plaintiff work in that office space?

---

[14]  *Bynog v. Cipriani Group, Inc.*, 1 N.Y. 3d 193, 198, 770 N.Y.S.2d 692, 694 (2003); *see also Gagen v. Kipany Prods., Ltd.*, 27 A.D.3d 1042, 1043, 812 N.Y.S.2d 689, 690-91 (3d Dep't 2006) (applying *Bynog's* five factors in NYLL Article 6 dispute); *Bhanti v. Brookhaven Mem. Hosp. Med. Ctr.*, 260 A.D.2d 334, 335, 687 N.Y.S.2d 667, 669 (2d Dep't. 1999) (stating that "[t]he determination of whether an employer-employee relationship exists rests upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results.")

[15]  *Kreinik v. Showbran Photo, Inc.*, 400 F. Supp. 2d 544, 565 (S.D.N.Y. 2005) (describing the jury instructions on the employee/independent contractor issue in a case involving claims under ERISA and Article 6 of N.Y. Labor Law).

- Did PCF provide any Plaintiffs with business cards or other equipment or uniforms that identified Plaintiff as working for PCF?

- Did PCF withhold payroll taxes from a Plaintiff's pay or did PCF pay a Plaintiff on a 1099 basis.[16]

- Does a contract exist that designates any Plaintiffs as an independent contractor?  If so, this factor is to be considered, but is not dispositive or conclusive of the issue.[17]

***

It is your job to consider all of the evidence as a whole – no one factor is decisive.   At all times, each Plaintiff bears the burden of proving by a preponderance of the evidence he or she was an employee because PCF sufficiently controlled the manner or method that he or she performed his/her contractual obligations.

If you determine that one or all Plaintiffs were working as independent contractors, then those Plaintiffs are not covered under the applicable wage payment statutes, you must find for PCF, and your inquiry will be over and the rest of the instructions will be unnecessary for your deliberations.

---

[16] *Bynog*, 1 N.Y. 3d at 198, 770 N.Y.S.2d at 694.

[17] *Kreinik*, 400 F. Supp. 2d at 565; *Araneo v. Town Bd. for Town of Clarkstown*, 55 A.D.3d 516, 519, 865 N.Y.S.2d 281, 284 (2d Dep't. 2008).

**<u>DEFENDANT'S REQUEST TO CHARGE NO. 16</u>**

**NEW YORK LABOR LAW § 193(1)[18]**

Plaintiffs claim that Defendant PCF violated New York Labor Law § 193(1).

Specifically, Plaintiffs claim that PCF deducted monies from each Plaintiff's wages, and that

these deductions did not fall within the categories of permissible deductions authorized by law.  I

will now instruct you on the elements of the alleged violation of Labor Law § 193 as follows:

Labor Law, § 193(1) provides, in pertinent part:

§ 193. Deductions from wages

No employer shall make any deduction from wages of an employee, except deductions which:

. . .

b. are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

In order to prevail on this claim, each Plaintiff must prove, by a preponderance of the

evidence, that: (1) he or she was an employee of PCF; (2) PCF made deductions from his/her

wages; and (3) the deductions were either (a) not expressly authorized in writing and/or (b) not

authorized deductions for the benefit of the employee.

Deductions that are authorized by § 193 include deductions for:  insurance premiums,

pension or health and welfare benefits, contributions to charitable organizations, payments for

---

[18] N.Y. Lab. L. §§ 190, 193(1).

U.S. bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.[19]

If you determine that one or all Plaintiffs were working as independent contractors, or if one or all Plaintiffs cannot prove each element of their claim by a preponderance of the evidence, then you must find in favor of PCF on such Plaintiffs' claims under § 193(1).

---

[19] *See, e.g., Vysovsky v. Glassman*, No. 01-CIV-2531, 2007 U.S. Dist. LEXIS 79725, *42-47 (S.D.N.Y. 2007) (no violation of New York Labor Law § 193(1) where employees authorized the employer by a signed subscription agreement to deduct fees associated with the lease of a vehicle and franchise fees since the deductions were made for the benefit of the employees); *Rownd v. N.Y. State Guernsey Breeders' Coop.,* 194 Misc. 701, 87 N.Y.S.2d 272, 273 (N.Y. Mun. Ct. 1949) (deductions from wages to purchase a bond required by the employer did not violate the Labor Law prohibitions against deductions from wages for the benefit of the employer).

## DEFENDANT'S REQUEST TO CHARGE NO. 17

## NEW YORK LABOR LAW § 193(2)[20]

Plaintiffs also assert that Defendant PCF violated New York Labor Law § 193(2) by requiring each Plaintiff to make payments to PCF and/or third parties in connection with charges that would not have constituted authorized deductions under New York Labor Law § 193(1).  I will now instruct you on the elements of the alleged violation of Labor Law § 193(2) as follows:

New York Labor Law, § 193(2) provides, in pertinent part:

> No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of § 193(1).

Section 193(2) only applies to payments to PCF and/or third parties made by a Plaintiff from his/her "wages."  Therefore, you must find for PCF if the "payment" to PCF and/or third parties by "separate transactions" was not a payment from a Plaintiff's "wages."[21]

In order to prevail on this claim, each Plaintiff must prove, by a preponderance of the evidence, that: (1) he or she was an employee of PCF; (2) PCF required him/her to make payments to PCF and/or third parties by separate transactions; and (3) the payments were either (a) not expressly authorized in writing and/or (b) are not authorized as deductions for the benefit of the employee under § 193(1).

As per my previous instruction, § 193(1) explicitly authorizes deductions for:  insurance premiums, pension or health and welfare benefits, contributions to charitable organizations,

---

[20] N.Y. Lab. L. §§ 190, 193(2).

[21] *Hudacs v. Frito-Lay, Inc.*, 90 N.Y.2d  342, 348 (1997) (New York Labor Law § 193(2) prohibits "any payment by separate transaction"; however, it is clear from the statutory context that "any payment" is actually meant to refer only to payments from wages.  Thus, any non "wage" "separate transactions" are not covered by § 193(2)).  *See also Epifani v. Johnson*, 2009 N.Y. Slip Op. 5287, *6, 65 A.D.3d 224, 237 (June 23, 2009).

payments for U.S. bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

If you determine that one or all Plaintiffs were working as independent contractors, or if one or all Plaintiffs cannot prove each element of their claim by a preponderance of the evidence, then you must find in favor of PCF on such Plaintiffs' claims under § 193(2).

## DEFENDANT'S REQUEST TO CHARGE NO. 18

### MINIMUM WAGES

Plaintiffs claim that PCF failed to pay each Plaintiff the minimum wage rate required by New York law for each hour that he/she performed services for PCF.  Plaintiffs allege that PCF owes each Plaintiff the difference between the wages actually paid by PCF and the wages he/she allege he/she should have been paid according to the minimum wage rate required by New York law.

In order to prevail on this claim, each Plaintiff must establish, by a preponderance of the evidence, all of the following:

(1)  That he/she is or was an employee of PCF;[22]

(2)  That he/she performed compensable work for PCF, and the compensable number of hours worked for PCF;

(3)  That he/she was paid less than the minimum wage for some or all hours worked; and

(4)  The amount of wages owed.

\*\*\*

The minimum wage for labor performed from May 27, 2003 to December 31, 2004 was $5.15 per hour.[23]

The minimum wage for labor performed from January 1, 2005 to December 31, 2005 was $6.00 per hour.

---

[22] *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 78 (N.Y. 2003) (stating that plaintiff's minimum wage claim under § 652(1)" is governed by the definitions of "New York Labor Law § 651[,]" which covers only an "individual employed or permitted to work by an employer[.]")

[23] N.Y. Lab. L. § 652 (providing the minimum wage rates from 1991 to January 1, 2007).

The minimum wage for labor performed from January 1, 2006 to December 31, 2006 was $6.75 per hour.

The minimum wage for labor performed from January 1, 2007 to July 23, 2009 was $7.15 per hour.

The minimum wage for labor performed from July 24, 2009 to the present day is $7.25 per hour.[24]

An employee is entitled to be paid the legal minimum wage rate even if he or she agrees to work for a lower wage.

Each Plaintiff has the burden of showing that he or she has performed compensable work for which he or she was not properly paid during the relevant time period.  Employees are entitled to be paid for any time spent working for the benefit of their employer, which includes time when they are permitted to work and time that they are required to be available for work at a place prescribed by their employer.[25]

Therefore, each plaintiff must prove the number of compensable hours worked, and that he or she was not paid according to the minimum wage law for the relevant time period.[26]

If you determine that one or all Plaintiffs were working as independent contractors, or if one or all Plaintiffs cannot prove each element of their claim by a preponderance of the evidence, then you must find in favor of PCF on such Plaintiffs' claims under the minimum wage laws.

---

[24]  N.Y. State Department of Labor, "Minimum Wage," *available at* http://www.labor.state.ny.us.

[25] 12 NYCRR § 142.2.1.

[26] *Padilla v. Manlapaz*, 643 F. Supp. 2d 302 (E.D.N.Y. 2009); *Kronin v State, Dep't. of Labor, Indus. Bd. of Appeals*,  127 A.D. 2d 479, 511 N.Y.S.2d 625 (1st Dep't 1987) (reversing order requiring employer to comply with N.Y. Minimum Wage Law since there was no evidence indicating exactly how many hours employee actually worked during period in question).

## **DEFENDANT'S REQUEST TO CHARGE NO. 19**

## **GENERAL INSTRUCTIONS ON DAMAGES**[27]

I will now instruct you on the issue of monetary damages.  I want to make clear to you that my charge to you on the law of damages must not be taken as an indication that you should decide in favor of one or more of the Plaintiffs.  It is for you to decide on the evidence presented and the rules of law I give you whether one or more of the Plaintiffs are entitled to recover anything from the PCF.

If you find that one or more of the Plaintiffs have not satisfied his/her burden of proving the essential elements of each claim by a preponderance of the evidence under the wage payment statutes, you must find for PCF and award him/her no damages.  If, however, you determine that a particular Plaintiff has met his/her burden under the applicable wage payment statutes, then you must determine what amount of money, if any, should be awarded to that particular Plaintiff.

---

[27] 4 HON. LEONARD B. SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS-CIVIL ¶ 77.01, Instruction 77-1.

## **DEFENDANT'S REQUEST TO CHARGE NO. 20**

## **DAMAGES UNDER NEW YORK LABOR LAW § 193**[28]

If you find that PCF is liable to one or more Plaintiffs for violating Labor Law § 193, then you must determine the amount of money to award to each Plaintiff as damages.  I will now instruct you how to calculate those damages.

If you find that PCF is not liable, then you will have no occasion to consider the subject of damages.  The fact that I am telling you how to calculate damages for a violation of Labor Law § 193 does not mean that I believe that you will, or should, find against PCF.  I give you these instructions only because you might need them in your deliberations.

If PCF is liable for violating Labor Law § 193, then a Plaintiff may recover damages. The recoverable damage is the value, if any, of the amount that:

(1) PCF unlawfully deducted from a Plaintiff's wages; and/or

(2) PCF unlawfully charged via separate transactions against a Plaintiff's wages;

dating back six years from the filing of the Complaint.  Each Plaintiff has the burden of proving such damages by a preponderance of the evidence.

---

[28] N.Y. Lab. L., §§ 193, 198.

**DEFENDANT'S REQUEST TO CHARGE NO. 21**

**DAMAGES FOR NON-PAYMENT OF MINIMUM WAGE[29]**

If you find that PCF is liable one or more Plaintiffs for underpayment of the minimum wage, then you must determine the amount of money to award to each Plaintiff as damages.  I will now instruct you how to calculate those damages.

If you find that PCF is not liable, then you will have no occasion to consider the subject of damages with respect to underpayment of minimum wage.  The fact that I am telling you how to calculate damages for a violation of the minimum wage payment law does not mean that I believe that you will, or should, find against PCF.  I give you these instructions only because you might need them in your deliberations.

If PCF is liable for underpayment of minimum wage, then a Plaintiff may recover any amount underpaid for the dates in which he/she was employed by PCF, dating back six years from the filing of the Plaintiffs' Complaint.  Each Plaintiff has the burden of proving such damages by a preponderance of the evidence.[30]

You must also determine whether or not PCF willfully violated the minimum wage payment law.[31]  Plaintiffs have the burden to prove, by a preponderance of the evidence, that PCF willfully violated the minimum wage payment law.  A defendant acts willfully if it knowingly, deliberately, or voluntarily disregards its obligation to pay wages.[32]  If you find the

---

[29] N.Y. Lab. L. § 663.1 (as of November 23, 2009).

[30] *Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998).

[31] Because this action was filed prior to November 24, 2009, and because all of the relevant decisions by PCF to classify plaintiffs as independent contractors were made prior to November 24, 2009, the recent amendments to Section 663.1 of the NY Labor Law are not applicable.  *See, e.g.,* http://open.nysenate.gov/openleg/api/1.0/html/bill/S3358**.**

[32] *Ayres*, 12 F. Supp. 2d at 309; *P & L Group, Inc. v. Garfinkel*, 150 A.D.2d 663, 541 N.Y.S.2d 535 (2d Dep't 1989).

defendant acted willfully in violating the minimum wage payment law, the Court will award to Plaintiffs an additional amount of money as a result of Defendant's violation of the minimum wage payment law.

## DEFENDANT'S REQUEST TO CHARGE NO. 22

## RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT[33]

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon request.  If you want the testimony read, that can also be done.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want.

Your requests for exhibits or testimony—in fact, any communications with the Court— should be made to me in writing, signed by your foreperson, and given to one of the marshals.  I will respond to any questions or requests you have as promptly as possible. either in writing or by having you return to the courtroom so I can speak with you in person.  In any event. do not tell me or anyone else how the jury stands on the issue before you until after a verdict is reached.

---

[33] *See* 3 O'MALLEY , GRENIG AND LEE., FEDERAL JURY PRACTICE AND INSTRUCTIONS  § 106.08 (5th ed. 2000).

## <u>DEFENDANT'S REQUEST TO CHARGE NO. 23</u>

## CLOSING INSTRUCTIONS[34]

You will now retire to decide the case.  In order to prevail, each Plaintiff must sustain his or her burden of proof as I have explained to you with respect to each element of each claim.  If you find that the Plaintiffs have failed to sustain their burden on any element of any claim, you should return a verdict for PCF.

That is all. I thank you for your service and attention during the trial and wish you good luck in your deliberations.

---

[34] *See* 3 O'MALLEY , GRENIG AND LEE., FEDERAL JURY PRACTICE AND INSTRUCTIONS  § 106.01 (5th ed. 2000).