UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BEVERLY EDWARDS, LIKASHMI           :
DEOSARAN, RASHIDA WRIGHT, KERON     :   09 Civ. 4968 (LAK) (HBP)
SEALEY, JAMES STEWART, SHAUNEY      :
DUNKLEY and MICHAEL SAMUELS, on     :   **ECF CASE**
behalf of themselves and all others similarly :
situated,                           :
                                    :
                              Plaintiffs, :
                                    :
   -against-                       :
                                    :
PUBLISHERS CIRCULATION FULFILLMENT, :
INC., also known as PCF, Inc.,      :
                                    :
                              Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

SUMMARY OF MATERIAL FACTS.....................................................................................2

ARGUMENT .............................................................................................................................5

I.      PLAINTIFFS' CLAIMS UNDER NEW YORK LABOR LAW § 193(1) FOR ILLEGAL PAY DEDUCTIONS FOR PREMIUMS ASSOCIATED WITH ACCIDENT INSURANCE AND SURETY BONDS FAIL AS A MATTER OF LAW ..............................................................................................................5

II.     PLAINTIFFS' CLAIMS UNDER NEW YORK LABOR LAW § 193(2) FOR ILLEGAL PAYMENTS BY SEPARATE TRANSACTION CONSTITUTING DEDUCTIONS FAIL AS A MATTER OF LAW ..................................................7

CONCLUSION.........................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

**Page(s)**

**CASES**

Angello v. Labor Ready, Inc.,
  7 N.Y.3d 579, 825 N.Y.S.2d 674 (2006) ............................................................................7, 9

Epifani v. Johnson,
  65 A.D.3d 224, 882 N.Y.S.2d 234 (2nd Dep't 2009) ................................................................8

Hochstein v. United States,
  900 F.2d 543 (2d Cir. 1990) .....................................................................................................10

Hudacs v. Frito-Lay, Inc.,
  90 N.Y.2d 342, 660 N.Y.S.2d 700 ...................................................................................6, 8, 9

Rownd v. N.Y. State Guernsey Breeders' Co-op. Inc.,
  194 Misc. 701, 87 N.Y.S.2d 272 (N.Y. Mun. Ct. 1949) ............................................................6

Vysovsky v. Glassman,
  2007 U.S. Dist. LEXIS 79725 (S.D.N.Y. Oct. 23, 2007) .......................................................6, 9

## STATUTES

N.Y.L.L § 193(1),(2) ........................................................................................................... passim

## OTHER AUTHORITIES

Mem. of State Dept. of Labor in Support of L. 1974, Chapter 160, 1974 .......................................8

**PRELIMINARY STATEMENT**

Plaintiffs Beverly Edwards, Likashmi Deosaran, Michael Samuels, Keron Sealey, James Stewart, and Rashida Wright ("Plaintiffs") – all current or former newspaper deliverers who contracted to perform delivery services for Defendant Publishers Circulation Fulfillment, Inc. ("PCF") – have brought this action seeking recovery for alleged violations of New York's Labor Laws based on the flawed theory that they have been misclassified as independent contractors and in fact were and are employees of PCF. However, even assuming arguendo that Plaintiffs were and are employees of PCF – and therefore may avail themselves of the protections of the New York Labor Laws – Defendants are nevertheless entitled to summary judgment with respect to the vast majority of Plaintiffs' claims because they either fail as a matter of law under the well-established principles that govern those claims and/or because Plaintiffs have failed to raise a triable issue of fact with respect to those claims.

Plaintiffs have alleged two separate causes of action, both of which fail in whole or in part.[1] First, Plaintiffs allege that PCF violated NYLL § 193(1) by making certain improper deductions from their pay. Although Plaintiffs do not actually specify the supposed improper deductions that allegedly violate § 193(1), elsewhere in their Amended Complaint they list a number of deductions that are purportedly taken from their compensation, including deductions for premiums associated with a voluntary accident insurance program and a surety bond required by PCF. However, because Plaintiffs explicitly authorized PCF – in writing – to take deductions from their

---

[1] On April 15, 2010, the Parties filed a Stipulation with the Court whereby Plaintiffs dismissed their individual claims (with prejudice) and claims brought on behalf of a putative class under the New York Labor Law – Article 19 (Minimum Wage) and any supporting New York State Department of Labor Regulations, as originally asserted in the Third Claim for Relief of the Amended Complaint.

1

compensation for accident insurance and/or surety bond premiums, and because it is well-established under the law that these types of premiums are for Plaintiffs' benefit, there can be no violation of § 193(1) for such deductions as a matter of law.[2]

Second, Plaintiffs allege that PCF violated NYLL § 193(2) by requiring Plaintiffs to make payments from their wages for the benefit of PCF. Plaintiffs allege – without any factual support – that these unlawful payments "include, but are not limited to: (1) payments related to the leasing or ownership of deliverers' delivery vehicles; (2) payments related to the servicing of such vehicles; and (3) payments related to taxes that are normally borne by employers." Am. Compl. ¶ 80. Plaintiffs' claims fail as a matter of law because the undisputed facts establish that these payments were never made to PCF, are not and have never been required by PCF, were not made from Plaintiffs' wages, and are not the types of "kickback" payments that would otherwise violate NYLL §193(2). Accordingly, Plaintiffs' claims under §193(2) fails as a matter of law.

## SUMMARY OF MATERIAL UNDISPUTED FACTS

PCF operates as an independent distribution and contact center outsourcing business on behalf of over sixty publishing clients across the nation. (R. 56.1 ¶ 1) PCF's business includes providing circulation and delivery services to its multiple publisher-customers. (R. 56.1 ¶ 2) As a means of outsourcing the delivery of periodicals for its publisher-customers, in New York, PCF engages the services of individuals and entities to deliver the periodicals. (R. 56.1 ¶ 3) These individuals and entities are all classified by PCF as independent contractors, and all sign an Independent Contractor Agreement ("ICA") that sets forth the terms and conditions of their contractual relationship. (R. 56.1

---

[2] To the extent Plaintiffs are challenging deductions other than premiums for accident insurance and surety bonds, PCF is not moving for summary judgment with respect to those claims.

2

¶ 4)  Each of the Plaintiffs signed and entered into ICAs with PCF and provided and/or continues to provide delivery and other services for PCF.  (R. 56.1 ¶ 5)

In order to perform their delivery services for PCF, Plaintiffs provided (and provide) a vehicle for servicing their delivery route(s).  (R. 56.1 ¶ 16)  Not surprisingly, Plaintiffs are (and were) each free to and typically do (and did) use their vehicles for other business purposes and as their primary vehicle.  (R. 56.1 ¶ 18)  PCF does not and has never required Plaintiffs to purchase, lease, or even own a vehicle.  (R. 56.1 ¶ 16).  In addition, PCF does not and has not required Plaintiffs to provide or use any particular make, model, or type of vehicle.  (R. 56.1 ¶ 17)  Finally, PCF does not and has never required Plaintiffs to maintain or service their vehicle(s) in any particular manner or method.  (R. 56.1 ¶ 19)

As a condition to entering into their contractual relationship, PCF required (and requires) each of the Plaintiffs to purchase or provide proof of owning a surety bond.  (R. 56.1 ¶ 6)  Specifically, Section 6(c) of the ICAs signed by each Plaintiff requires each Plaintiff to obtain a surety bond and provides that PCF will provide a means to obtain such a surety bond from an independent third party licensed to issue such bonds.  (R. 56.1 ¶6)

Although each Plaintiff is (and was) free to obtain such a surety bond elsewhere, in fact, each Plaintiff elected to purchase the surety bond through the independent third-party broker offered by PCF.  (R. 56.1 ¶¶ 6-7)  Moreover, by signing ICAs, each Plaintiff agreed in writing to allow PCF to periodically deduct a premium for the bond from their compensation, which PCF then passes (and passed) along to the third-party broker.  (R. 56.1 ¶ 7)

In addition, PCF also makes available through an independent third-party broker an optional accident insurance program for the benefit of its independent contractors. (R. 56.1 ¶ 8) As Section 8(c) of the ICA makes clear, the insurance arrangement is between each independent contractor and the third-party broker, and is a means to protect independent contractors and their investment in their delivery business. (R. 56.1 ¶ 9) At various times, and with the exception of Plaintiff James Stewart, each of the Plaintiffs filled out and signed Accident Insurance Applications and therefore elected in writing to voluntarily participate in the optional accident insurance program and agreed to allow PCF to periodically deduct a premium from their compensation, which PCF then passes (and passed) along to the third-party broker. (R. 56.1 ¶ 10)

At all relevant times, each Plaintiff was provided (and is provided) every two weeks with a settlement check representing their total compensation for the prior two-week period, net of any deductions. (R. 56.1 ¶ 11) Deductions from gross compensation include deductions for premiums associated with the optional accident insurance program and surety bond. (R. 56.1 ¶ 11) Because each Plaintiff is classified by PCF as an independent contractor, PCF does not withhold any income taxes from their settlement checks and at the end of each year, Plaintiffs are issued an IRS Form 1099 reflecting their annual compensation from PCF. (R. 56.1 ¶ 12-13) At all relevant times, each Plaintiff reported and paid self employment taxes to the appropriate state and federal taxing authorities, and each Plaintiff claimed deductions for and reported business expenses related to his or her performance of services for PCF. (R. 56.1 ¶ 14-15)

**ARGUMENT**

I. **PLAINTIFFS' CLAIMS UNDER NEW YORK LABOR LAW § 193(1) FOR ILLEGAL PAY DEDUCTIONS FOR PREMIUMS ASSOCIATED WITH ACCIDENT INSURANCE AND SURETY BONDS FAIL AS A MATTER OF LAW.**

Plaintiffs' allege that Defendant violated New York Labor Law ("NYLL") § 193(1) by making deductions from Plaintiffs' wages which do not fall within the categories of permissible deductions authorized by § 193(1). Am. Compl. ¶ 71-77. Although Plaintiffs do not explicitly identify the particular deductions that they are challenging, in Paragraph 63 of the Amended Complaint they allege that "Plaintiffs' paychecks are referred to as 'settlement checks.' Each check lists total deductions made from settlement checks for customer complaints, accident insurance, bond fees, facilities fees, and carrier bag compensation." Assuming that these are the alleged deductions that Plaintiffs are challenging, Plaintiffs' claims with respect to deductions for accident insurance and bond fees fail as a matter of law because these types of deductions do not violate NYLL §193(1).

NYLL § 193(1) provides, in pertinent part, that no employer shall make any deduction from wages of employees except for deductions which:

> are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

Therefore, in order to prevail on a claim under NYLL § 193(1), each Plaintiff must establish that: (1) he or she was an employee of Defendant; (2) Defendant made deductions from his/her wages; and (3) the deductions were not expressly authorized in writing and for the benefit of the employee. See, e.g., Hudacs v. Frito-Lay, Inc., 90 N.Y.2d 342, 346-347, 660 N.Y.S.2d 700, 702; Vysovsky v. Glassman, No. 01-CIV-2531, 2007 U.S. Dist. LEXIS 79725, *42-47 (S.D.N.Y. Oct. 23, 2007).

Assuming for the sole purposes of this motion that Plaintiffs were in fact employees of Defendant, it is well-established that deductions for insurance premiums and bond fees (where the bond is required as a pre-condition of employment) are authorized deductions under NYLL §193(1). See NYLL § 193(1) (explicitly permitting deductions for "insurance premiums"); Vysovsky, 2007 U.S. Dist. LEXIS 79725, at *42-47 ("A deduction made to enable an employee to furnish one of the prerequisites of his employment is made 'for the benefit of the employee' in accordance with § 193."); Rownd v. N.Y. State Guernsey Breeders' Co-op. Inc., 194 Misc. 701, 87 N.Y.S.2d 272, 273 (N.Y. Mun. Ct. 1949) (deductions from wages to purchase a bond required by the employer did not violate the Labor Law prohibitions against deductions from wages for the benefit of the employer).

Moreover, it is undisputed that at various times, each Plaintiff expressly authorized in writing that deductions be made from their pay for accident insurance and/or surety bond premiums.[3] (R. 56.1 ¶¶ 7, 10) In addition, it cannot be disputed that the accident insurance is and was voluntary and for each Plaintiff's benefit, and that Defendant required, as a condition to entering into and continuing a contractual

---

[3] Plaintiff James Stewart never participated in the optional accident insurance program, and therefore no premium deductions were ever taken from his compensation.

6

relationship with each Plaintiff, that each Plaintiff purchase a surety bond. (R. 56.1 ¶ 6, 8-9) Accordingly, Plaintiffs' claims for unlawful deductions for accident insurance and surety bond premiums must be dismissed as a matter of law.

## II. PLAINTIFFS' CLAIMS UNDER NEW YORK LABOR LAW § 193(2) FOR ILLEGAL PAYMENTS BY SEPARATE TRANSACTION CONSTITUTING DEDUCTIONS FAIL AS A MATTER OF LAW.

Plaintiffs' second cause of action alleges that Defendant violated New York Labor Law ("NYLL") § 193(2) by requiring Plaintiffs "to make payments by separate transaction to defendant and/or third parties on behalf of defendant in connection with charges that would not have constituted authorized deductions pursuant to Labor Law § 193." Am. Compl. ¶ 80. Plaintiffs allege that these unlawful payments "include, but are not limited to: (1) payments related to the leasing or ownership of deliverers' delivery vehicles; (2) payments related to the servicing of such vehicles; and (3) payments related to taxes that are normally borne by employers." Am. Compl. ¶ 80.

Plaintiffs' claims fail as a matter of law because the undisputed facts establish that to the extent Plaintiffs made any such payments they were not required by Defendant, were not made from wages, and are not the types of payments that would otherwise violate NYLL §193(2). Moreover, §193(2) simply does not apply to payments to payments to third parties.

NYLL § 193(2) provides, in pertinent part that:

No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of § 193(1).

The purpose of section 193(2) is to "prohibit wage deductions by indirect means where direct deduction would violate the statute." Angello v. Labor Ready, Inc., 7

7

N.Y.3d 579, 585, 825 N.Y.S.2d 674, 677 (2006).  It is well-established that the term "any payment" as used in the statute refers "<u>only to payments from wages</u>" and is therefore inapplicable to separate payments that are not directly paid out of wages.  <u>Hudacs</u>, 90 N.Y.2d at 348, 660 N.Y.S.2d at 703; <u>Epifani v. Johnson</u>, 65 A.D.3d 224, 882 N.Y.S.2d 234 (2nd Dep't 2009).

Moreover, section 193 does not and was never meant to apply to payments by employees to third parties.  Although section 193 was originally enacted to prohibit only direct deductions from wages, in 1974, the statute was amended to "preclude not only direct wage deductions, but repayments <u>to the company</u> by separate transaction as well." <u>Hudacs</u>, 90 N.Y.2d at 347-348, 660 N.Y.S.2d at 703 (emphasis added).  As the Court of Appeals noted in <u>Hudacs</u>, the legislative history also confirms that the amendment was only meant to apply to transactions with the employer, and not transactions with third parties.  <u>Id.</u>  For example, the Commissioner of the New York Department of Labor issued a memorandum interpreting the amendment that makes clear that the amendment was intended to address instances where employers coerced employees to "reimburse" the employer for losses attributable to "shortages . . . breakage, spoilage, or damage of the employer's equipment."  Mem. of State Dept. of Labor in Support of L. 1974, ch. 160, 1974 N.Y. Legis Ann., at 238-239 (Alloy Decl. ¶ 34, Ex. GG)  Thus, it is clear that payments by Plaintiffs to third parties for gasoline or car maintenance are not repayments to PCF within the meaning of the statute and for this reason alone, Plaintiffs claims under § 193(2) must fail.

In any event, it is also undisputed that Defendant has never "required" Plaintiffs to purchase, lease or even own a vehicle or to service their vehicle in any particular

manner or at all.  (R. 56.1 ¶ 16-17, 19)  Indeed, Plaintiffs did not produce any documentation establishing that they purchased or leased vehicles, or the cost of such vehicles.   It is also undisputed that Plaintiffs are free to and do use their vehicles for other business purposes (including making deliveries for other businesses) and as their primary personal vehicle.  (R. 56.1 ¶ 18)

Moreover, any payments made by Plaintiffs related to the purchase, lease or servicing of their vehicle were not made to Defendant, were not made to third parties on behalf of Defendant, and were certainly not made indirectly from Plaintiffs' wages as a means of circumventing §193(1)'s prohibition of deductions.  Compare Angello, 7 N.Y.3d at 585-86 (holding that an employer charging employees a fee to cash their checks is an impermissible payment from wages that violates § 193(2)); Hudacs, 90 N.Y.2d at 347, n.3 (discussing a typical payment by separate transaction as the classic "company store" arrangement where employees are required to purchase goods directly from the employer).  Indeed, even if Plaintiffs had leased their vehicles directly from Defendant – which they did not – deductions associated with the lease would still not violate § 193.  See Vysovsky, 2007 U.S. Dist. LEXIS 79725, at *42-47 (permitting outright deductions from employees' pay for voluntary leasing of vehicle directly from employer).

Clearly, the fact that Plaintiffs may have leased or purchased vehicles from auto-dealers or businesses wholly unrelated to Defendant, cannot make out a § 193(2) violation as a matter of law, particularly where there is absolutely no evidence that Plaintiffs actually purchased or leased their vehicles.  Similarly, Defendant does not require Plaintiffs to service their vehicles in any particular manner or method – or at all.

(R. 56.1 ¶ 19)  And, even if Defendant did require Plaintiffs to maintain a working vehicle, it is beyond dispute that any payments associated with the servicing of their vehicle were paid to third parties (presumably automobile garages and mechanics) and not to Defendant.[4]

Similarly, the fact that as independent contractors, Plaintiffs paid self-employment taxes to the state and federal taxing authorities (as opposed to Defendant automatically deducting and remitting employment taxes), (R. 56.1 ¶ 14), is also not a violation of § 193(2).  Defendant did not "require" Plaintiffs to properly report and pay their taxes each year, and these taxes clearly were not paid directly or indirectly to Defendant.[5]  In any event, deductions for taxes are expressly authorized by § 193(1), which permits deductions required by law.  See Hochstein v. United States, 900 F.2d 543, 549 (2d Cir. 1990).

Accordingly, Plaintiffs' claims for unlawful payments from wages by separate transaction must be dismissed in their entirety as a matter of law.

---

[4] It is particularly disingenuous of Plaintiffs to allege that Defendant owes them the cost of servicing and maintaining their vehicles, when Plaintiffs take deductions from taxes for such business expenses.  (R. 56.1 ¶ 15)

[5] It should also be noted that Plaintiffs objected to and withheld the production of their tax returns, and therefore any attempt to claim payments related to taxes simply cannot be made by Plaintiffs on the record.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment should be granted, along with such other relief and costs as the Court deems appropriate.

Dated: New York, New York
April 15, 2010

                                              Respectfully submitted,

                                              PROSKAUER ROSE LLP

                                              By:  /s/ Joshua F. Alloy
                                                 Gregory I. Rasin
                                                 Elise M. Bloom
                                                 Joshua F. Alloy
                                                 1585 Broadway
                                                 New York, NY 10036-8299
                                                 Tel: (212) 969-3000
                                                 Fax: (212) 969-2900
                                                 grasin@proskauer.com
                                                 ebloom@proskauer.com
                                                 jalloy@proskauer.com

                                              Mark W. Batten (admitted *pro hac vice*)
                                              One International Place
                                              Boston, MA 02110
                                              Tel: (617) 526-9850
                                              Fax: (617) 526-9899
                                              mbatten@proskauer.com

                                              *Attorneys for Defendant PCF*