UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BEVERLY EDWARDS, LIKASHMI          :
DEOSARAN, RASHIDA WRIGHT, KERON    :      09 Civ. 4968 (LAK) (HBP)
SEALEY, JAMES STEWART, SHAUNEY     :
DUNKLEY and MICHAEL SAMUELS, on    :      **ECF CASE**
behalf of themselves and all others similarly   :
situated,                         :
                                  :
                    Plaintiffs,   :      **<u>DEFENDANT'S RULE 56.1</u>**
                                  :      **<u>STATEMENT</u>**
          -against-               :
                                  :
PUBLISHERS CIRCULATION FULFILLMENT, :
INC., also known as PCF, Inc.,    :
                                  :
                    Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

   Pursuant to Local Rule 56.1 of the United States District Court, Southern District

of New York, Defendant Publishers Circulation Fulfillment, Inc. ("PCF" or

"Defendant"), hereby submits the following statement of material facts not in dispute in

support of its Motion for Partial Summary Judgment:

   1.  PCF operates as an independent distribution and contact center

outsourcing business on behalf of over sixty publishing clients across the nation.  (Daly

Decl. ¶ 4)

   2.  PCF's business includes providing circulation and data services to its

multiple publisher-customers.  (Daly Decl. ¶ 5)

   3.  As a means of outsourcing the delivery of periodicals for its publisher-

customers, in New York, PCF engages the services of individuals and entities to deliver

the periodicals.  (Daly Decl. ¶ 6)

4.     These individuals and entities are all classified by PCF as independent contractors, and all sign an Independent Contractor Agreement ("ICA") that sets forth the terms and conditions of their contractual relationship.  (Daly Decl. ¶ 6, 11)

5.     Plaintiffs Beverly Edwards, Likashmi Deosaran, Michael Samuels, Keron Sealey, James Stewart, and Rashida Wright ("Plaintiffs") each entered into and signed ICAs with PCF and provided (or continues to provide) delivery and other services for PCF in New York.  (Alloy Decl. ¶ 2 - 14, Exs. A-M)

6.     As a condition to providing services for PCF, and pursuant to Section 6(c) of the ICAs signed by each Plaintiff, PCF requires (and required) each Plaintiff to obtain a surety bond and provides a means to obtain such a surety bond from an independent third party licensed to issue such bonds.  However, each Plaintiff is (and was) free to obtain such a surety bond elsewhere.  (Daly Decl. ¶ 12; Alloy Decl. ¶ 2-14, Exs. A-M)

7.     Each Plaintiff elected to purchase the surety bond through the independent third-party broker offered by PCF and by signing the ICAs each Plaintiff agreed in writing to allow PCF to periodically deduct a premium for the bond from their compensation, which PCF then passes (and passed) along directly to the third-party broker.  (Daly Decl. ¶ 13; Alloy Decl. ¶ 2-14, Exs. A-M)

8.     PCF has also made available through an independent third-party broker an optional accident insurance program for the benefit of independent contractors.  (Daly Decl. ¶ 14; Alloy Decl. ¶ 15-17 and 20-21, Exs. N-P and S-T)

9.     As Section 8(c) of the ICA makes clear, the insurance arrangement is between each independent contractor and the third-party broker, and is a means to protect

independent contractors and their investment in their delivery business.  (Alloy Decl. ¶ 3, 6, 9, 10 and 14, Exs. B, E, H, I, and M)

10.     At various times, and with the exception of Plaintiff James Stewart (who never participated in the accident insurance program), each of the Plaintiffs filled out and signed optional accident insurance forms and therefore elected in writing to voluntarily participate in the optional accident insurance program and agreed to allow PCF to periodically deduct a premium from their compensation, which PCF then passes (and passed) along to the third-party broker.  (Alloy Decl. ¶ 15-21, Exs. N-T)

11.     Every two-weeks, the Plaintiffs were provided (or are provided) a settlement check representing their total compensation for the prior two-week period, net of any deductions, including those for accident insurance and/or bond premiums.  (Daly Decl. ¶ 16)

12.     Because each Plaintiff is classified by PCF as an independent contractor, PCF does not withhold (and has not withheld) any income taxes from their settlement checks.  (Daly Decl. ¶ 17)

13.     At the end of each year, Plaintiffs are issued an IRS Form 1099 reflecting their total annual compensation from PCF.  (Daly Decl. ¶ 18)

14.     At all relevant times, each Plaintiff reported and paid self employment taxes to the appropriate state and federal taxing authorities.  (Alloy Decl. ¶ 22-27, Exs. U-Z)

15.     At all relevant times, each Plaintiff claimed deductions for and reported business expenses related to his or her performance of services for PCF.  (Alloy Decl. ¶ 22-27, Exs. U-Z)

16.    Plaintiffs provided (or provide) a vehicle for servicing their route(s), but PCF does not and has not required Plaintiffs to purchase or lease (or even own) a vehicle. (Daly Decl. ¶ 7; Alloy Decl. ¶ 28, 29, 30 and 33, Exs. AA, BB, CC and FF)

17.    PCF does not and has not required Plaintiffs to provide or use any particular make, model, or type of vehicle.  (Daly Decl. ¶ 8; Alloy Decl. ¶ 28, 29, 30 and 33, Exs. AA, BB, CC and FF)

18.    Plaintiffs are (and were) free to use their vehicle for other business purposes and as their primary personal vehicle.  (Daly Decl. ¶ 9; Alloy Decl. ¶ 32, Ex. EE)

19.    PCF does not and has not required Plaintiffs to maintain or service their vehicle in any particular manner or method.  (Daly Decl. ¶ 10; Alloy Decl. ¶ 29, 30 and 31, Exs. BB, CC and DD)

Dated:  New York, New York
        April 15, 2010

Respectfully submitted,

PROSKAUER ROSE LLP

By:  /s/  Joshua F. Alloy
    Gregory I. Rasin
    Elise M. Bloom
    Joshua F. Alloy
    1585 Broadway
    New York, NY 10036-8299
    Tel: (212) 969-3000
    Fax: (212) 969-2900
    grasin@proskauer.com
    ebloom@proskauer.com
    jalloy@proskauer.com

    Mark W. Batten (admitted *pro hac vice*)
    One International Place
    Boston, MA 02110
    Tel: (617) 526-9850
    Fax: (617) 526-9899
    mbatten@proskauer.com
    *Attorneys for Defendant PCF*